UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

CHRISTINA GREEN,

        Plaintiff,

   v.

ROWAN UNIVERSITY,

        Defendant.

Civ. No. 1:22-cv-00039-NLH-SAK

**OPINION**

---

**APPEARANCES:**

SOMMER MILLER
THE LAW OFFICES OF SOMMER MILLER, LLC
2 BALA PLAZA
SUITE 300
BALA CYNWYD, PA 19004

   *Attorney for Plaintiff*

JAMES ANDREW KELLER
SAUL EWING ARNSTEIN & LEHR, LLP
1500 MARKET STREET
3800 CENTRE SQUARE WEST
PHILADELPHIA, PA 19102

   *Attorney for Defendant*

**HILLMAN**, District Judge

    Before the Court is Rowan University's Motion to Dismiss (ECF 16).  For the reasons expressed below, the Motion to Dismiss will be granted in part and denied in part, the Court

1

will decline to exercise supplemental jurisdiction over the remaining claims, and will remand the action to state court.

I. **BACKGROUND**

Plaintiff, Christina Green, was a student at Rowan University in 2015. (ECF 14, Amended Complaint ("Am. Compl.") at ¶ 10). On October 17, 2015, Plaintiff was sexually assaulted in the dorms by another student, Symaj Paulk ("Paulk"). (Id. at ¶ 11). Plaintiff reported the assault to Rowan University as well as to police. (Id. at ¶ 13). Rowan University investigated the assault and held a disciplinary hearing. (Id. at ¶¶ 14-15). Following the hearing, Paulk was "[f]ound responsible" by the Sexual Misconduct & Harassment Hearing Board, and was sanctioned with immediate expulsion. (Id. at ¶¶ 16-17).

Paulk appealed the decision, and the Appeals Board "upheld the finding of liability but reduced the sanction from expulsion to an immediate 3-year suspension from campus with a conditional eligibility for reapplication for the Fall of 2018 semester." (Id. at ¶¶ 19-20). Paulk appealed again and the Executive Vice President of the University overturned the determination, allowing Paulk to return to campus. (Id. at ¶¶ 22-23).

Although Rowan University issued a "No Contact Directive" restricting Paulk from contacting Plaintiff, Plaintiff and Paulk came into contact "several times." (Id. at ¶¶ 25-27).

2

Plaintiff reported these violations of the directive. (Id. at ¶ 27). Plaintiff was harassed by other students, which she reported to the Vice President of Student Engagement and Dean of Students, Sean Richard Jones ("Dean Jones"). (Id. at ¶¶ 27-31). In response, Dean Jones "took no steps to pursue disciplinary proceedings" against the harassers, and advised Plaintiff that "she should utilize the Campus mental health services." (Id. at ¶ 32).

Plaintiff requested accommodations within her role as a Residential Advisor, seeking to avoid events that Paulk might attend, and Rowan University did not provide accommodation "and instead removed her from her residential advisor position." (Id. at ¶¶ 35-36). Plaintiff continued at Rowan University until Fall 2018, after which Plaintiff withdrew from the school. (Id. at ¶¶ 37-38).

On December 2, 2021, Plaintiff filed her complaint in the New Jersey Superior Court, Camden County, Law Division. (ECF 1 at 6). Defendant, Rowan University, removed the case to this District Court on January 5, 2022. (ECF 1). On February 25, 2022, Defendant filed a motion to dismiss Plaintiff's complaint. (ECF 7). Subsequently, Plaintiff filed a motion for leave to amend her complaint (ECF 11), which was granted and the motion to dismiss was denied as moot. (ECF 13).

Plaintiff filed her amended complaint on September 30, 2022. (ECF 14). Plaintiff's amended complaint includes the following claims: Discrimination under the Americans with Disabilities Act ("ADA") (Count I), New Jersey Law Against Discrimination ("NJLAD") (Count II), Breach of Contract (Count III), Promissory Estoppel (Count IV), Breach of Duty of Good Faith and Fair Dealing (Count V), and Negligent Infliction of Emotional Distress ("NIED") (Count VI). (ECF 14). Defendant filed its motion to dismiss Plaintiff's amended complaint and supporting brief on November 8, 2022. (ECF 16). Defendant filed a supplemental supporting brief on December 2, 2022, asking this Court to grant its motion to dismiss as unopposed. (ECF 17). On December 5, 2022, Plaintiff filed her response. (ECF 18, 19). On December 15, 2022, Defendant filed its reply. (ECF 22).

I. **LEGAL STANDARD**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). A pleading is sufficient if it contains "a short and plain statement of the

4

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (first alteration added) (second alteration in original) (citation omitted).

To determine the sufficiency of a complaint, a court must take three steps: (1) the court must take note of the elements a plaintiff must plead to state a claim; (2) the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 664, 675, 679 (2009) (alterations, quotations, and other citations omitted). A court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and

5

matters of judicial notice.  S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd., 181 F.3d 410, 426 (3d Cir. 1999).

"A motion to dismiss should be granted if the plaintiff is unable to plead 'enough facts to state a claim to relief that is plausible on its face.'"  Malleus, 641 F.3d at 563 (quoting Twombly, 550 U.S. at 570).

With regard to a motion to dismiss based on a statute of limitations defense, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002).

## I.  DISCUSSION

### A. Subject Matter Jurisdiction

This Court has jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

### B. Request to Grant Motion as Unopposed

Defendant explains that the deadline for Plaintiff to file her opposition to the motion to dismiss was November 21, 2022. (ECF 17 at 2).  As of Defendant's supplemental brief on December 2, 2022, Plaintiff had not yet responded, and as such Defendant requested that the Court grant its motion to dismiss as unopposed.  (Id. at 2-3).  Although Plaintiff ultimately

6

responded on December 5, 2022, Defendant maintains that its motion should be granted as unopposed, as "Plaintiff should not be rewarded for failing to follow process and the rules of this Court." (ECF 22 at 4).

Although a Court may dismiss a case as unopposed, such dismissal is disfavored. Brown v. DiGuglielmo, 418 F. App'x 99, 102 (3d Cir. 2011) ("We made clear quite some time ago in Stackhouse our disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant."). Generally, "the Court must address unopposed motions to dismiss a complaint on the merits." Cooper v. Pressler & Pressler, LLP, 912 F. Supp. 2d 178, 182 (D.N.J. 2012) (citation omitted). Moreover, this Court has discretion to consider an untimely response. See Simpson v. City of Atl. City, No. 04-4537, 2007 WL 869528, at *1 (D.N.J. Mar. 20, 2007).

Although the Court acknowledges that Plaintiff's response was untimely and admonishes Plaintiff's counsel to abide by filing deadlines in the future, it will analyze Defendant's claims on the merits. As such, this Court will apply its discretion and consider Plaintiff's untimely response.

### C. **ADA (Count I) Statute of Limitations**

Defendant asserts that the ADA is subject to a two-year statute of limitations. (ECF 16-1 at 13). Defendant explains that although New Jersey extended its statute of limitations for

7

injuries arising from sexual assault, this does not apply to federal causes of action. (Id. at 14-15). Defendant points to the allegations in the complaint, alleging continued bullying and harassment "*until* the Fall of 2018." (Id. at 14 (emphasis in original) (quoting Am. Compl. at ¶ 30). Defendant explains that even if Plaintiff remained on campus until the end of 2018, her statute of limitations ran by the end of 2020 at the latest. (Id.). However, Plaintiff filed her complaint in December 2021. (Id.). Thus, Plaintiff's claim under the ADA is time-barred. (Id.).

Plaintiff responds that the statute of limitations for her ADA claim is four years. (ECF 18 at 8). She avers that the ADA does not specifically provide its own statute of limitations, and states that the "four-year catch-all" statute of limitations under 28 U.S.C. § 1658(a) should apply to her claim. (Id.). Pursuant to 28 U.S.C. § 1658(a) "a civil action arising under an Act of Congress [such as the ADA 2008 Amendments] enacted after the date of the enactment of this section [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues." (Id. (alteration in original) (quoting 28 U.S.C. § 1658(a))). Plaintiff asserts that the claims she alleges "arise by virtue of the ADA Amendments Act of 2008." (Id.). Thus, Plaintiff alleges that the four-year statute of limitations applies. (Id.).

8

Plaintiff explains that her claim arises specifically under the ADA Amendments Act of 2008 ("ADAAA" or "2008 Amendments") because prior to the amendments a disability under the ADA required showing that the "disability substantially limited one or more *major life activity*." (Id. at 9 (emphasis in original)). She avers that this requirement was removed by the 2008 Amendments. (Id.). Plaintiff claims that this amendment "is central to Plaintiff's cause of action" because her averments that "she could not attend some functions required under [her Resident Advisor] job and was therefore terminated . . . may not be considered a 'major life activity.'" (Id.).

Defendant urges that Plaintiff's claim arises under the ADA as it existed prior to the ADAAA, and as such the two-year, not the four-year, limitations period applies. (ECF 22 at 7). Defendant argues that the claim arises under the ADA because the alleged disabilities, severe depression, anxiety, and PTSD constitute "'mental impairments' qualifying for disability status under the ADA." (Id. at 8).

The ADA does not provide its own statute of limitations. Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth., 539 F.3d 199, 208 (3d Cir. 2008). Effective July 20, 2002, 28 U.S.C. § 1658 provides a catch-all four-year statute of limitations for federal statutes that do not otherwise include a statute of limitations. This statute of limitations does not

9

apply to the ADA, as the ADA was enacted prior to the effective date.  Disabled in Action of Pennsylvania, 539 F.3d at 208.  Instead, the District Court applies "the statute of limitations of the most analogous state law cause of action."  Id.  Thus, for ADA claims, "courts generally apply a state's personal injury statute of limitations."  Somerset v. Univ. of Med. & Dentistry of New Jersey, No. 22-1021, 2022 WL 2289561, at *2 (D.N.J. June 24, 2022).  In New Jersey, the statute of limitations for personal injury claims is two years.  Id.  Thus, this statute of limitations applies to ADA claims.

However, Plaintiff points to the ADAAA as providing the rights she asserts in her complaint, amendments that were enacted after the 28 U.S.C. § 1658 effective date.  (ECF 18 at 9).  Thus, whether the four-year statute of limitations applies depends on whether the rights Plaintiff asserts were created by the ADAAA or whether they already existed under the ADA.  If Plaintiff's claims arise under the ADA as written prior to the amendment, the four-year federal catch-all statute of limitations does not apply.  See Lei Ke v. Drexel Univ., No. 11-6708, 2013 WL 5508672, at *6 (E.D. Pa. Oct. 4, 2013).

Effective January 1, 2009, the ADA was amended to "carry out the ADA's objectives . . . by reinstating a broad scope of protection."  See ADA Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553 (2008).  The purpose of the ADAAA is

10

to "restore the intent and protections of the Americans with Disabilities Act of 1990." Id. In enacting the amendment, Congress explained that the ADA was originally intended to provide "broad coverage" and a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." Id. Accordingly, the ADAAA clarified the scope of rights already existing under the ADA. Matthews v. Pennsylvania Dep't of Corr., 613 F. App'x 163, 167 (3d Cir. 2015) ("the 2008 ADA Amendments Act ('ADAAA') was enacted to clarify that the definition of 'disability' should be construed 'in favor of broad coverage of individuals ... to the maximum extent permitted.'"). It is an open question whether the ADAAA expanded plaintiffs' rights, and accordingly whether the four-year statute of limitations may apply for a claim under the ADAAA that did not exist under the ADA before that amendment. We need not answer this question here, as Plaintiff's claim as alleged would be actionable under the ADA prior to its amendment.

Plaintiff's argument that her claim arises under the amendments is premised on her hedging that her allegations "that she could not attend some functions required under the job and was therefore terminated . . . may not be considered a 'major life activity.'" (ECF 18 at 9). Even if this were so,

11

Plaintiff distorts the nature of the claim in her Amended Complaint.

Prior to amendment, disability was defined in the ADA as follows:

> (2) DISABILITY- The term `disability' means, with respect to an individual--
> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

Americans with Disabilities Act of 1990, P.L. 101-336, July 26, 1990, 104 Stat. 327 at 42 U.S.C. § 12102(2).

In summary fashion, the ADA - pre-ADAAA – defined someone as disabled if they: A) currently have an impairment substantially limiting a major life activity; or B) had a record of an impairment substantially limiting a major life activity; or C) were perceived as having an impairment substantially limiting a major life activity.  Id.

One change effected by the ADAAA was to expand the definition of disability for those asserting an ADA claim under what this Court will call the "perception" clause of 42 U.S.C. § 12102(1).[1]  Congress achieved this by broadening the definition

---

[1] Another change was to renumber the subsections of 42 U.S.C. § 12102.  Under the original version of the Act the definition of disability was found at § 12102(2).  It is now found at § 12102(1).

12

of "disability" to include those who were perceived to be disabled in the most general sense, whether or not the person holding that perception thought subjectively that the disability affected a major life activity and whether or not the actual disability was that severe.  Congress made this change by adding the parenthetical phrase "(as described in paragraph (3))" to the perception prong in § 12102(1)(C) and adding paragraph (3) which now reads:

> (3) Regarded as having such an impairment
> For purposes of paragraph (1)(C):
> (A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.
> (B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

42 U.S.C. § 12102(3).

This ADAAA amendment might be helpful to Plaintiff if her claim in the Amended Complaint had been that the Defendant perceived her as disabled even though they did not think it affected a major life activity nor did her impairment actually rise to that level.  But that is not her claim in the Amended Complaint.  Plaintiff does not allege she was discriminated

13

against because she was perceived as having a disability as defined by the amended version of 42 U.S.C. § 12102.

Rather, she has alleged that she does, in fact, have a disability as defined by the original version of 42 U.S.C. § 12102, that she informed the Defendant of those specific disabilities, and that she was not accommodated. (Am. Compl. at ¶¶ 12 ("Ms. Green was diagnosed with a series of disabilities as a result of her attack including but not limited to severe depression, anxiety and PTSD."), 41 ("Ms. Green is a qualified individual with a disability, as [s]he has both a record of disability, and more specifically, has been diagnosed with several disabilities."), 42 (". . . Ms. Green informed the [Defendant] of her disabilities, which include but are not limited to PTSD, anxiety, and depression."), and 44 (". . . [t]he [Defendant] . . . has subjected [Plaintiff] to disability-based discrimination . . . .")).

Having not alleged a claim under the ADAAA for rights not previously provided for by the ADA, the four-year statute of limitations does not apply to Plaintiff's ADA claim. Rather, Plaintiff's claim is subject to the two-year statute of limitations. To hold otherwise would be to determine in effect that all ADA claims are now subject to a four-year statute of limitations as result of the ADAAA, a result unwarranted and unsupported by any statutory text including 28 U.S.C. § 1658(a).

14

Because Plaintiff has not stated any allegations after 2018, and Plaintiff filed her complaint in 2021, her ADA claim is barred by the statute of limitations. Therefore, Plaintiff's ADA claim, Count I of her complaint, will be dismissed.

### D. Remand

"Section 1367(c) grants district courts the discretion to refuse to exercise supplemental jurisdiction when 'values of judicial economy, convenience, fairness, and comity' counsel that the district court remand state claims to a state forum." Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 157 (3d Cir. 1998) (citing City of Chicago v. International College of Surgeons, 522 U.S. 156, 167 (1997)) (other citation omitted) ("The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."). Section 1367(c) provides:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

15

28 U.S.C. § 1367(c).

The Third Circuit "has made clear that, 'where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendant state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" Jacobowitz v. M & T Mortg. Corp., 372 F. App'x 225, 228 (3d Cir. 2010) (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis in original)).

Because we must dismiss Plaintiff's ADA claim pursuant to the statute of limitations, the only federal claim over which this Court had original jurisdiction is no longer in the case. The only remaining claims arise under state common law and violations of the New Jersey Law Against Discrimination, a state statute. Moreover, this matter is in the earliest stages of litigation and no substantive decision has been rendered affecting the claims or positions of the parties beyond dismissal of the federal claim.

Therefore, there are no significant considerations of judicial economy, convenience, and fairness to the parties that provide an affirmative justification for retaining jurisdiction over the matter. Thus, the Court will decline to exercise supplemental jurisdiction over Plaintiff's remaining claims

16

under § 1367(c)(2) and (3), and remand the matter to state court.

## II. CONCLUSION

For the reasons expressed above, Defendants' Motion to Dismiss the complaint will be granted in part and denied in part without prejudice.  Accordingly, Plaintiff's ADA claim will be dismissed with prejudice.  For the remaining state law claims, this case will be remanded for adjudication in full by the state court.[2]

An appropriate order will be entered.

Date: May 26, 2023                s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.

---

[2] In light of this disposition, this Court expresses no opinion on the viability of Plaintiff's state law claims and will deny that aspect of Defendant's motion without prejudice.